UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SCOTT L. REED                                                                                    PLAINTIFF

v.                                                               CIVIL ACTION NO. 3:07CV-240-S

CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS PENSION FUND                                                   DEFENDANT

## MEMORANDUM OPINION

This matter is before the court on motion of the defendant, Central States, Southeast and Southwest Areas Pension Fund, for judgment in its favor on the administrative record in this ERISA action.  (DN 7).

This action arises from the denial of a monthly disability benefit to the plaintiff, Scott L. Reed, after he was disabled from his employment with United Parcel Service.  The parties agree that this matter is covered by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* The essential facts underlying the case are not in dispute.

Reed worked for UPS as a full-time driver from November 1992 until he was injured on the job on September 10, 2002.  Reed, who suffered from degenerative disc disease, was unable to return to work after September 10, 2002.  He applied for and was awarded Social Security Disability benefits.  At the time he stopped working on September 10, 2002, Reed had 9.5 years of service credit.  He accrued an additional year of service credit through September of 2003 due to payments made on his behalf by UPS after the date of his disability, pursuant to the Collective Bargaining Agreement covering Reed's employment.

Reed submitted an application for a monthly disability benefit to the pension fund on October 18, 2004.  The fund notified Reed by letter dated November 5, 2004 that his application was denied on the ground that he did not have the requisite ten years of service credit at the time he

stopped working in covered service.  On November 16, 2004, Reed appealed the decision, urging that he met the ten-year requirement because he had "as of 2003 10.500 years paid in."  Reed letter, Nov. 16, 2004.  On December 16, 2004, the Benefits Claim Appeals Committee affirmed the denial of benefits.  On August 16, 2005, Reed submitted an appeal to the Board of Trustees.  Reed appeared before the Board of Trustees on his appeal.  However, on April 12, 2006 the Trustees voted unanimously to reject the appeal on the same basis as the earlier decisions.  Reed then filed suit in the Jefferson County, Kentucky, Circuit Court.  The action was removed to this court under our federal question jurisdiction on May 3, 2007.

In reviewing the decision of the pension fund, the court is confined to a review of the administrative record.  *Wilkins v. Baptist Healthcare System, Inc.*, 150 F.3d 609 (6th Cir. 1998).  As the Central States Trust Agreement grants discretionary authority to the Trustees in construing the terms of the plan and making benefits determinations,[1] this court must apply the arbitrary and capricious standard of review.  *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989).  Thus, where the fund offers a reasonable explanation based upon the evidence, the decision is not arbitrary and capricious.  *Bagsby v. Central States, Southeast and Southwest Areas Pension Fund*, 162 F.3d 424 (6th Cir. 1998), *quoting, Davis v. Kentucky Finance Cos. Retirement Plan,* 887 F.2d 689 (6th Cir. 1989).

The plan states that

To become eligible for a Monthly Disability Benefit, a Participant must become totally and permanently disabled (as defined in Section 5.01) before his 62nd birthday and while he is an Active Participant or within 2 calendar years after becoming an Inactive Participant, and meet each of the following requirements at the time he stops working in Covered Service:

(1) he must have at least 10 years of Service Credit...

Central States, Southeast and Southwest Areas Pension Plan, Section 5.02.

---

[1] *See,* Nelson Aff., ¶ 18, 30-36; Ex. A, pp. 9, 15-16; *Talmon v. Central States, Southeast & Southwest Areas Pension Fund*, 232 Fed.Appx. 467 (6th Cir.), *cert. denied*, 2007 WL 2314247 (Oct. 9, 2007).

Reed does not deny that as of September 10, 2002, he had only 9.5 years of service credit.  He does not deny that he stopped working in covered service on September 10, 2002.  He contends, however, that his twelve months of post-injury service credit should be considered in determining whether he met the ten-year requirement because (1) his employer was required by the collective bargaining agreement to make the contributions, and (2) Reed remained an employee in covered service for the additional year that the payments were being made.  Reed urges that the phrase "stopped working in Covered Service" should not be found to by synonymous with his date of disability.  Rather, he urges the court to look to the total years of credit afforded him regardless of when accrued.

Reed offers a tortured reading of the plan provisions in an effort to avoid the clear requirement of Section 5.02(a).  In this instance, the date upon which Reed stopped working in covered service was the date of his disability, September 10, 2002.  Because he did not have ten years of service credit on that date he was ineligible to receive a monthly disability benefit.  The additional contributions made on Reed's behalf after September 10, 2002 pursuant to the collective bargaining agreement cannot be considered in calculating his eligibility for this benefit as the language of the plan clearly does not so permit.  We note in conclusion that these post-injury credits are apparently not without value to Reed, as they may be considered in determining eligibility for other benefits under the plan.  Nelson Aff., ¶¶ 71, 74, 77.  However, for purposes of entitlement to disability benefits, the years of service credit on the date that Reed stopped working in covered service is key.

The court concludes that the decision of the Trustees that Reed had only 9.5 years of service credit on September 10, 2002 and that therefore he was ineligible for a monthly disability benefit was reasonable under the facts and in light of the plan provisions. For the reasons set forth herein, the motion of the pension fund for judgment will be granted by separate order.

**IT IS SO ORDERED.**